Debtor **Robert Preston Yates**

United States Bankruptcy Court for the **MIDDLE DISTRICT OF TENNESSEE**
[Bankruptcy district]

☐ Check if this is an amended plan

Case number:

# Chapter 13 Plan

### Part 1: Notices

**To Debtor(s):** This form sets out options that are appropriate in some cases but not in others. The presence of an option does not indicate that the option is appropriate in your circumstances.

**To Creditors:** Your rights are affected by this plan. Your claim may be reduced, modified, or eliminated.

If you oppose the treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 5 days before the meeting of creditors or raise an objection on the record at the meeting of creditors. The Bankruptcy Court may confirm this plan without further notice if no timely objection to confirmation is made. In addition, a timely proof of claim must be filed before your claim will be paid under the plan.

**Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If an item is not checked as "Included" or if both boxes are checked, the provision will not be effective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in § 3.2, which may result in partial payment or no payment to the secured creditor. | ☑ Included | ☐ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9. | ☑ Included | ☐ Not Included |

### Part 2: Plan Payments and Length of Plan

**2.1 Debtor(s) will make payments to the trustee as follows:**

| Payments made by | Amount of each payment | Frequency of payments | Duration of payments | Method of payment |
|---|---|---|---|---|
| ☑ Debtor 1<br>☐ Debtor 2 | **$757.38** | **Bi-Weekly** | **60** months | ☐ Debtor will make payment directly to trustee<br>☑ Debtor consents to payroll deduction from: **Metro Schools** |

**2.2 Income tax refunds.**
*Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.3 Additional payments.**
*Check one.*

☑ **None.** If "None" is checked, the rest of § 2.3 need not be completed or reproduced.

**2.4 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.3 is $101,468.00**.

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2 Request for valuation of security and claim modification.** *Check one.*

| Debtor | **Robert Preston Yates** | Case number | |
|---|---|---|---|

☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in § 1. is checked.**

☑ For each claim listed below, the debtor(s) request that the court determine the value of the creditor's interest in any property securing the claim based on the amount stated in the column headed Value securing claim. If this amount exceeds any allowed claim amount, the claim will be paid in full with interest at the rate stated below. If the amount is less than the allowed claim mount, the claim will be paid the full value securing the claim, with interest at the rate stated below.

The portion of any allowed claim that exceeds the value securing the claim will be treated as an unsecured claim under § 5.1. If the value securing a creditor's claim is listed below as zero or no value, the creditor's allowed claim will be treated entirely as an unsecured claim under § 5.1. The avoidance of any lien because it is not secured by any value must be addressed in Part 9. The mount of a creditor's total claim stated on a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary mount stated below.

The holder of any claim listed below as secured by any value will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

If relief from the automatic stay is ordered as to any collateral listed below, all payments under this section to creditors secured by that collateral will cease.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Value securing claim | Interest rate | Monthly payment |
|---|---|---|---|---|---|---|---|
| **Us Bank** | **$14,669.00** | **2016 Nissan Altima** | **$12,425.00** | **$0.00** | **$12,425.00** | **5.00%** | **$253.25** |

**3.3 Secured claims excluded from 11 U.S.C. § 506.** *Check one.*

☑ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance**. *Check one.*

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
**The remainder of this section will be effective only if the applicable box in § 1.2 is checked**

☑ The judicial liens or nonpossessory, nonpurchase money security interests listed below impair exemptions to which the debtor(s) would be entitled under 11 U.S.C. § 522(b). The judicial liens or security interests listed below will be avoided to the extent they impair exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim under § 5.1. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan.

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of Creditor** **World Acceptance Corp** | a. Amount of lien | **$1,360.00** | **Amount of secured claim after avoidance** (line a minus line f) |
| | b. Amount of all other liens | $0.00 | |
| | c. Value of claimed exemptions | $400.00 | |
| **Collateral** **2 tvs, dvd player, sound bar, laptop 2 printers, drill press, tablet** | d. Total of adding lines a, b, and c | **$1,760.00** | **Interest rate** (if applicable) % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) **Agreement,Non Purchase Money Security Interest** **06/19** | e. Value of debtor's interest in property | -$400.00 | |
| | | | **Monthly plan payment** |
| | f. Subtract line e from line d. | **$1,360.00** | |
| | Extent of exemption impairment *(Check applicable box)* | | |

| Debtor | **Robert Preston Yates** | Case number | |

| Information regarding judicial lien or security interest | Calculation of lien avoidance | Treatment of remaining secured claim |
|---|---|---|
| | ☑ **Line f is equal to or greater than line a.** | **Estimated total payments on secured claim** |
| | The entire lien is avoided *(Do not complete the next column)* | |
| | ☐ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column)* | |

**3.5 Surrender of collateral.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)** |

**4.1 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be **$4,250.00**. The remaining fees and any additional fees that may be awarded shall be paid through the trustee as specified below. Check one.

☐ The attorney for the debtor(s) shall receive a monthly payment of $.

☑ The attorney for the debtor(s) shall receive available funds.

**4.2 Domestic support obligations.**

**(a) Pre- and postpetition domestic support obligations to be paid in full.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.2(a) need not be completed or reproduced.

**(b) Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.2(b) need not be completed or reproduced.

**4.3 Other priority claims.** *Check one.*
☑ **None.** If "None" is checked, the rest of § 4.3 need not be completed or reproduced.

| Part 5: | **Treatment of Nonpriority Unsecured Claims and Postpetition Claims** |

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. Check all that apply.
☐ The sum of $
☑ **100**% of the total amount of these claims.
☐ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

**5.2 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**5.4 Separately classified nonpriority unsecured claims.** *Check one*.

☑ **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

Debtor **Robert Preston Yates** Case number _____

**5.5 Postpetition claims allowed under 11 U.S.C. § 1305.**

Claims allowed under 11 U.S.C. § 1305 will be paid in full through the trustee.

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

☑ **Assumed contracts or leases.** Current installment payments will be disbursed by the trustee or directly by the debtor, as specified below. Arrearage payments will be paid in full through the trustee. Amounts stated on a proof of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below as to the installment payment and arrearage.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid |
|---|---|---|---|
| **Progressive** | **Lease to Puchase Mattress-Balance is $454.00** | $162.50<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $0.00 |

## Part 7: Order of Distribution of Available Funds by Trustee

**7.1 The trustee will make monthly disbursements of available funds in the order specified. Check one.**

☑ **Regular order of distribution:**

a. Filing fees paid through the trustee

b. Current monthly payments on domestic support obligations

c. Other fixed monthly payments

If available funds in any month are not sufficient to disburse all fixed monthly payments due under the plan, the trustee will allocate available funds in the order specified below or pro rata if no order is specified. If available funds in any month are not sufficient to disburse any current installment payment due under § 3.1, the trustee will withhold the partial payment amount and treat the amount as available funds in the following month.

**Secured claims with fixed monthly payments**
**Executory contracts and unexpired leases with fixed monthly payments**

d. Disbursements without fixed monthly payments, except under §§ 5.1 and 5.5

The trustee will make these disbursements in the order specified below or pro rata if no order is specified.

**Attorney's Fees**

e. Disbursements to nonpriority unsecured claims not separately classified (§ 5.1)

f. Disbursements to claims allowed under § 1305 (§ 5.5)

☐ **Alternative order of distribution:**

## Part 8: Vesting of Property of the Estate

**8.1 Property of the estate will vest in the debtor(s) upon discharge or closing of the case, whichever occurs earlier, unless an alternative vesting date is selected below. Check the applicable box to select an alternative vesting date:**

*Check the appliable box:*
☐ plan confirmation.
☐ other: _____

Debtor     **Robert Preston Yates**                                    Case number

Part 9:   **Nonstandard Plan Provisions**

*Nonstandard provisions are required to be set forth below.*

Student Loan IDR Plan Provisions

I. Continuation of IDR Plan During Bankruptcy. For the following claims, the plan provides to maintain income-driven repayment ("IDR") plan payments for student loan debt. The pendency of this bankruptcy case shall not disqualify the Debtor from participation in any IDR plan for which Debtor would otherwise be qualified and shall not disqualify any otherwise-qualifying IDR plan payment disbursed under this plan. The trustee shall disburse the following IDR plan payments, subject to allowance of the claims.

| Claimholder/Servicer | Acct # (last 4) | Estimated balance(s) | IDR Plan Payment | Claim # (if known) |
|---|---|---|---|---|
| Fed Loan Servicing | 0009 | 114,773.00 | 749.20 | |
| | | | | |

II. Timeliness and Application of IDR Payments. Unless the Court orders otherwise, the Trustee will not disburse IDR plan payments until confirmation of the Chapter 13 plan and allowance of the claim. The Chapter 13 plan, therefore, provides to cure any IDR plan payment arrearage that accrues prior to the first disbursement under the Chapter 13 plan. If the claimholder does not treat the IDR plan payments included in this cure amount as qualifying IDR plan payments, the claimholder shall temporarily suspend collections by placing the loan in a status such as "forbearance" or "cessation of payment" until the later of confirmation of the Chapter 13 plan or allowance of the claim, and the claimholder shall not apply any disbursements for the cure amount in a way that would advance the due date under the IDR plan.

The Debtor may request modification of the due date for the Debtor's monthly IDR plan payment to help ensure timely application of IDR plan payments disbursed by the Trustee. The absence of a request by the Debtor does not modify the duties of the claimholder or servicer in applying any IDR plan payments disbursed by the Trustee.

III. Annual Certification and Payment Adjustment. The Debtor shall annually certify (or as otherwise required by the claimholder) the Debtor's income and family size and shall file with the Court a notice of any adjustment (increase or decrease) to any monthly IDR plan payment resulting from an annual certification at least 21 days prior to the effective date of the change. The Trustee is authorized to adjust both the IDR plan payments to be disbursed to the claimholder and the Chapter 13 plan payment based on any notice of an IDR plan payment adjustment. The Trustee has the discretion to adjust the Chapter 13 plan payment by less than the change to the IDR plan payment.

IV. Dischargeability of Student Loan Debt. This plan does not provide for the discharge of any portion of the Debtor's federal student loan debt(s) under title 11, but it does not preclude a determination of dischargeability in an adversary proceeding.

V. Waiver of Automatic Stay. The Debtor expressly waives the application of the automatic stay under § 362(a) as to all communications concerning the IDR plan and as to all loan servicing and administrative actions concerning the IDR plan to the extent necessary to effectuate this Chapter 13 plan.

VI. Opportunity for Claimholder to Cure. Before instituting any action against a federal student loan claimholder under 11 U.S.C. § 362 or for failure to comply with this plan, the Debtor first shall give notice in writing by letter describing any alleged action that is contrary to the plan or 11 U.S.C. § 362(a) and provide a reasonable opportunity to review and, if appropriate, correct such actions. Any notice given under this provision must include the Debtor's name, bankruptcy case number, and identification of the federal student loans, and must be mailed to:

Debtor     **Robert Preston Yates**                                        Case number

Fed Loan Servicing  
c/o The United States Attorney's Office  
Middle District of Tennessee  
110 9th Avenue South, Suite A-961  
Nashville, Tennessee 37203

**Part 10:  Signatures:**

X  **/s/ Ryan Lloyd**                                                  Date  **October 7, 2019**
   **/s/ Rachel Lamey**
   **Ryan Lloyd 034323  Tennessee**
   **Rachel Lamey 036530 Tennessee**
**Signature of Attorney for Debtor(s)**

X  **/s/ Robert Preston Yates**                                        Date  **October 7, 2019**
   **Robert Preston Yates**

X  _____                                      Date  _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the form required under the Local Rules for the Bankruptcy Court for the Middle District of Tennessee, other than any nonstandard provisions included in Part 9.**